**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**IRA SIDNEY STERN,**

    **Petitioner,**

                              **CASE NO. 2:05-cv-207
                              CRIM. NO. 2:02-cr-021;2:03-cr-056**
    **v.**                             **JUDGE MARBLEY
                              MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, and respondent's motion to dismiss this action as untimely. For the reasons that follow, the Magistrate Judge **RECOMMEND**S that this action be **DISMISSED**.

**I. PROCEDURAL HISTORY**

On February 15, 2002, petitioner was charged in Case No. 2:02-cr-021, by way of information, with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), and 846. Case No. 2:02-cr-021, Doc. No. 10. While represented by counsel and pursuant to a plea agreement, on March 22, 2002, petitioner pleaded guilty. *Id.* Doc. No. 13. On November 25, 2003, petitioner was sentenced to twelve months incarceration, such sentence to run consecutively to his sentence in Case No. 2:03-cr-056. On September 24, 2003, also pursuant to a plea agreement, petitioner pleaded guilty in Case No. 2:03-cr-056 to arson, bank fraud, and money laundering, in violation of 18 U.S.C. §§844(i), 1344, 1957, and 2. Case No. 2:03-cr-056,

Doc. Nos. 8, 11. On November 25, 2003, he was sentenced to an aggregate term of sixty months incarceration, such sentence to run consecutively to his sentence in Case No. 2:02-cr-021. The Court granted petitioner's motion for a four-level downward departure in the recommended sentencing guideline range on his conviction in Case No. 2:02-cr-021, and sentenced him to the bottom of the recommended guideline sentence. In Case No. 2:03-cr-056, petitioner was sentenced to the mandatory minimum sentence of sixty months incarceration required under 18 U.S.C. §§844(i) and 2. *See Sentencing Transcript.* Petitioner was also sentenced to three years supervised release. He was ordered to pay restitution in the amount of $79,251.58. *Sentencing Transcript,* 9-10. Petitioner filed an appeal of his convictions in both of the foregoing cases; however, on January 20, 2004, the appeal was dismissed at his request. Case No. 2:02-cr-021, Doc. No. 28; Case No. 2:03-cr-056, Doc. No. 20.

On March 3, 2005, petitioner signed, and on March 8, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. He asserts as follows:

> 1. Petitioner suffered violations of his due process, Sixth Amendment and other constitutional and substantive rights. [T]his was due to the fact that petitioner was sentenced on elements and enhancements which were not contained in the information nor in the indictment and not either admitted to by the petitioner, nor proven to a jury beyond a reasonable doubt. Since the enhancements amounted to illegal fact finding by the Court, absent submission to a jury and proved beyond a reasonable doubt, or admitted to in a guilty plea agreement, petitioner's sentence must be vacated and he must be re-sentenced according to the level supported by the facts in the charging documents and admitted to in the plea agreements.
>
> 2. Petitioner received ineffective assistance of counsel because petitioner was advised to plead guilty to charges where no drug amounts were specified and [advised] that there were no appealable issues in either matter. This occurred after *Apprendi v. New Jersey*,

and its subsequent line of cases, by the U.S. Supreme Court.

It is the position of the respondent that this action is untimely and that petitioner's claims are without merit.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's convictions became final on January 20, 2004, when the United States Court of Appeals for the Sixth Circuit dismissed petitioner's appeal at his request. Petitioner therefore had one year from such date, or until January 20, 2005, to file the instant habeas corpus petition; however, the instant action was not filed until March 8, 2005, nor was it signed until March 3, 2005. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004).

Petitioner contends that this action is timely because he was not notified of the dismissal of his appeal. However, it appears that the order granting petitioner's own motion to voluntarily dismiss petitioner's appeal, which was filed by petitioner's counsel of record, was sent to petitioner's attorney by both the Sixth Circuit and this Court. Notice of the dismissal was therefore given to petitioner at least constructively. Alternatively, petitioner argues that the one-year statute of limitations did not begin to run until the ninety day time period for filing a petition for a writ of *certiorari* to the United States Supreme Court expired. Petitioner's arguments are unpersuasive. Petitioner's appeal was withdrawn at his own request (albeit through counsel). Petitioner states that he signed the request to withdraw his appeal because his attorney said there were no appealable issues in his case. *See Traverse*. Petitioner knew, therefore, that his appeal had been or would be dismissed. Further, because the appeal was voluntarily dismissed, there was no basis upon which to seek a petition for a writ of *certiorari*.

Further, as noted by the respondent, the United States Court of Appeals for the Sixth Circuit has held that neither *Blakely v. Washington*, 124 S.Ct. 2531 (2004), decided on June 24, 2004, nor *United States v. Booker*, 125 S.Ct. 738 (2005), decided on January 12, 2005, are retroactively applicable on collateral review. *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005), citing *Humphress v. United States*, 398 F.3d 885, 857 (6th Cir. 2005). Petitioner's convictions became final in January 2004, prior to *Blakely* and *Booker*. Therefore, these cases do not provide petitioner the relief he requests.

**IV.**

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* e a determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>November 3, 2005</u>                                        <u>    s/Norah McCann King    </u>
                                                             Norah McCann King
                                                             United States Magistrate Judge